C. N. HOUSTON v. THE STATE.

No. 22418.   Delivered March 3, 1943.

The opinion states the case.

*Rollie Fancher*, of Seymour, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful possession of whisky and wine for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.00.

Peace officers had information that appellant had a load of whisky in his car. They found the car parked near where a dance was in progress, and could see a bottle of liquor lying on the front seat. The car was locked. They waited for a while, when appellant, accompanied by others, came to the car and took the bottle therefrom and drank of its contents. The officers then searched the car and found therein two full pints and a half pint of whisky and two pints of wine.

One of the parties present, who accompanied appellant to the dance, claimed the half pint of whisky, and testified, upon the trial of the case, that appellant was in no manner responsible therefor or connected with the possession thereof.

The appellant did not testify as a witness in his own behalf.

In submitting the case to the jury, the trial court made an application of the prima facie evidence rule (Art. 666-23A, Sec. 2, P. C.), to the effect that possession of more than one quart of liquor in a dry area constituted prima facie evidence of possession thereof for the purpose of sale.

Appellant contends that the charge was erroneous because the prima facie evidence rule applies only to the possession of more than a quart of both whisky and wine, and that the charge should have so instructed the jury. A proper and sufficient exception was reserved to the charge to raise the question.

If we understand appellant's position correctly, it is that, so long as he did not have in his possession more than a quart of whisky, and more than a quart of wine, the prima facie evidence rule is not applicable.

It will be noted that the prima facie evidence statute applies to the possession of more than a quart of "liquor." No designation as to its kind or character is made therein. The term "liquor," as defined by Art. 666-3A, P. C., includes both whisky and wine.

It is the quantity of liquor possessed that controls the application of the prima facie evidence rule and that covers the possession of all liquors within the statutory definition of that term.

It follows that appellant's position is untenable.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.